BLD-034                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1917
_____

SANTO ISLAAM,
                                          Appellant

v.

CO M. KUBICKI, Correctional Officer;
FULLER, Correctional Officer;
STEIN, Property Officer, SHU;
BODGE, SIS Investigator;
E BRADLEY, Warden/Administrator

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-00296)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 19, 2020

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: December 8, 2020)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

Appellant Santo Islaam, an inmate proceeding pro se and in forma pauperis, appeals from an order by the United States District Court for the Middle District of Pennsylvania dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the benefit of the parties, we recite only the relevant facts and procedural history. Islaam brought this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against five employees at USP-Canaan, where he formerly was incarcerated. After an initial screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e, the District Court dismissed the complaint without prejudice and granted Islaam leave to file an amended complaint, which he then did. The amended complaint alleged violations of his First Amendment right of access to the courts, Fifth Amendment due process rights, Eighth Amendment right to medical care, and claims based on supervisory liability, conspiracy, and violations of internal Bureau of Prisons ("BOP") policies. Upon further screening of the amended complaint, the District Court dismissed Islaam's claims with prejudice, finding that any further attempts to cure the defects would be futile. Islaam timely filed his notice of appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal under the same de novo standard of review that we apply to our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v.

2

<u>Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, <u>Fleisher v. Standard Ins. Co.</u>, 679 F.3d 116, 120 (3d Cir. 2012), and we construe Islaam's pro se complaint liberally, <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if an appeal fails to present a substantial question. <u>See</u> <u>Murray v. Bledsoe</u>, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

Prisoners have a constitutional right of meaningful access to the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). To establish a cognizable access-to-courts claim, a complainant must demonstrate: (1) an "actual injury" (i.e., a lost opportunity to pursue a nonfrivolous claim); and (2) there is no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim. <u>Monroe v. Beard</u>, 536 F.3d 198, 205 (3d Cir. 2008). To establish actual injury, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" <u>Id.</u> at 205–06 (quoting <u>Christopher v. Harbury</u>, 536 U.S. 403, 416–17 (2002)).

Here, Islaam alleged that Correctional Officer Fuller took from his personal property "legal documents, [civil action] writ, BP 8, 9, cop-outs and pertinent documents to my grievances at USP-Canaan." Am. Compl. at 5, ECF No. 15. Yet in his complaint,

3

Islaam fails to describe the underlying claims in these documents in any detail, let alone enough to allege that he suffered an actual injury through confiscation. Moreover, in dismissing the original complaint without prejudice, the District Court spelled out for Islaam the specific deficiency in this claim, See Mem. at 8, ECF No. 13, which he failed to cure in amending. Thus, Islaam failed to state a cognizable access-to-courts claim.[1]

Separate from his legal documents, Islaam claimed Property Officer Stein deprived him of his personal property without due process, in violation of the Fifth Amendment, upon his transfer from USP-Canaan to another facility. As the District Court held, Islaam did not allege that there was an inadequate post-deprivation remedy available to him, see Hudson v. Palmer, 468 U.S. 517, 533 (1984), through the BOP's Administrative Remedy program. Therefore, the District Court properly dismissed his claim for deprivation of personal property.

Islaam also alleged a Fifth Amendment due process violation by Correctional Officer Kubicki for placing him in the special housing unit ("SHU") for seven months based on false disciplinary reports. In determining a prisoner's liberty interest regarding disciplinary action, we consider whether a particular restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

---

[1] Islaam asserts in his notice of appeal and other correspondence with the courts that CO Saylor opened his legal mail in violation of his First Amendment rights. See, e.g., Jones v. Brown, 461 F.3d 353, 355 (3d Cir. 2006) (holding that prisoners have a First Amendment right to be present when incoming legal mail is opened). However, Islaam did not name CO Saylor as a defendant, nor did he assert this claim in his complaint against any of the named defendants. As such, we will not consider such claim in the context of the current appeal.

Sandin v. Conner, 515 U.S. 472, 484 (1995). Disciplinary or administrative segregation is rarely sufficient on its own to amount to such hardship. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven-month confinement in SHU based on false reports did not implicate a protected liberty interest). Even taking Islaam's allegations of CO Kubicki's falsified disciplinary reports as true, because placement in segregated confinement is part of the "ordinary incidents of prison life," his complaint fails to state a claim under the Fifth Amendment.

Further related to his SHU placement, Islaam alleged that Lieutenant Bodge's investigation violated his Sixth Amendment right "to confront [his] accuser." Am. Compl. at 5. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). More specifically, prisoners do not have rights to confrontation or cross-examination of witnesses during prison disciplinary proceedings. Id. at 567–69; see also Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Young v. Kann, 926 F.2d 1396, 1404 (3d Cir. 1991). Thus, Islaam cannot maintain his Sixth Amendment claim.

Islaam alleged that he was "denied medical treatment already approved" while in SHU, including orthopedic visits for injuries to his biceps and shoulder and physical therapy for his knees, which the District Court construed as arising under the Eighth Amendment. However, as the District Court held, Islaam failed to connect these claims to the actions of any defendant. A prisoner may sustain an Eighth Amendment claim against prison officials "where knowledge of the need for medical care is accompanied by the

5

intentional refusal to provide that care," by alleging specific acts or omissions on the part of those officials. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (internal citations and alterations omitted). The allegations here are confined to the "Injuries" section of Islaam's form complaint and do not specify which defendants—if any—had knowledge of and ignored his medical needs. In the absence of such factual allegations, Islaam's complaint failed to state a claim on Eighth Amendment grounds.

IV.

The remainder of Islaam's amended complaint was devoted to allegations of supervisory liability on the part of Warden Bradley, conspiracy among the named defendants, and violations of BOP policy. We take each in turn.

Islaam averred that Warden Bradley "knowingly allow[ed] his subordinates to function above the law with impunity" and that "those who are his subordinates are accountable to him especially when official or professional misconduct is at hand." Am. Compl. at 6. Islaam's claims thus rested on theories of acquiescence and respondeat superior. For the former to succeed, there must be an underlying constitutional violation and, as discussed above, no violations existed here. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (reasoning that a claim for supervisory liability "necessarily includes as an element an actual violation at the hands of subordinates"). The latter is not a proper theory of liability in a civil rights action even where violations by subordinates are established. See Iqbal, 556 U.S. at 676; Rode v. Dellarciprete, 845

6

F.2d 1195, 1207 (3d Cir. 1988). Therefore, the District Court correctly dismissed these claims.[2]

Islaam's conspiracy claims also fail because the amended complaint contained only conclusory allegations of conspiracy with no factual grounding. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) ("[A] mere general allegation . . . of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." (quoting Kalmanovitz v. G. Heileman Brewing Co., 595 F. Supp. 1385, 1400 (D. Del. 1984), aff'd, 769 F.2d 152 (3d Cir. 1985))). As such, Islaam failed to state a plausible conspiracy claim.

Islaam also sought relief for purported violations of BOP policies by the defendants. Congress has not established a statutory damages remedy specific to violations of BOP policies. The Supreme Court has never recognized a Bivens cause of action in this context, and disfavors extension of Bivens into "new contexts" if there are "special factors counseling hesitation." See Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). To allow a damages remedy for violations of BOP policy that do not amount to unconstitutional conduct would exceed the bounds of judicial function. See Mack v. Yost, 968 F.3d 311, 317 (3d Cir. 2020). Therefore, the District Court properly denied Islaam's claims.

_____

[2] The District Court also correctly held that Islaam's claim that Warden Bradley improperly transferred him fails because "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

V.

Lastly, we conclude that the District Court did not err by declining to give Islaam an opportunity to amend his complaint a second time to better support his claims. As the District Court explained, the flaws remaining in Islaam's claims after the first attempt to cure rendered any further amendment futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (explaining that a district court need not permit a curative amendment if such amendment would be futile).

For all the foregoing reasons, Islaam's appeal fails to present any substantial question, and we will summarily affirm the District Court's order dismissing this action.